**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4085**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KYLE STEPHEN THOMPSON,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Theodore D. Chuang, District Judge. (8:17-cr-00195-TDC-1)

Submitted: January 30, 2020                                          Decided: April 6, 2020

Before MOTZ, DIAZ, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Stephen B. Mercer, RAQUINMERCER LLC, Rockville, Maryland, for Appellant. Robert K. Hur, United States Attorney, Kelly O. Hayes, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal jury convicted Kyle Stephen Thompson of 18 counts of production of child pornography, in violation of 18 U.S.C. § 2251(a) (2018), and the district court sentenced him to 5040 months' imprisonment. On appeal, Thompson argues that the district court erred when it (1) provided an inadequate jury instruction and refused his proposed jury instruction, and (2) denied his motion to suppress. We affirm.

"We review a district court's decision to give a particular jury instruction for abuse of discretion, and review whether a jury instruction incorrectly stated the law de novo." *United States v. Miltier*, 882 F.3d 81, 89 (4th Cir.) (citations omitted), *cert. denied*, 139 S. Ct. 130 (2018). "In reviewing the adequacy of jury instructions, we determine whether the instructions construed as a whole, and in light of the whole record, adequately informed the jury of the controlling legal principles without misleading or confusing the jury to the prejudice of the objecting party." *United States v. Kivanc*, 714 F.3d 782, 794 (4th Cir. 2013) (internal quotation marks omitted). "Even if a jury was erroneously instructed, however, we will not set aside a resulting verdict unless the erroneous instruction *seriously* prejudiced the challenging party's case." *Miltier*, 882 F.3d at 89 (internal quotation marks omitted).

As relevant here, the statute of conviction prohibits any person from employing, using, persuading, inducing, enticing, or coercing any minor to engage in sexually-explicit conduct "for the purpose of producing any visual depiction of such conduct." 18 U.S.C. § 2251(a). The phrase "for the purpose of" is not further defined in the statute. *See id.* The district court read the following instruction regarding this element:

2

> The second element which the government must prove beyond a reasonable doubt is that the defendant knowingly used or employed or persuaded or induced or enticed or coerced the victim, Victim 1, 2 or 3 as charged to engage in sexually-explicit conduct for the purpose of producing a visual depiction of that conduct. . . . The government does not have to prove that the sole purpose or the primary purpose of engaging in such conduct was to produce a visual depiction. But the government must prove that producing a visual depiction of the sexually-explicit conduct was one of the defendant's purposes for using, employing, persuading, using, enticing, coercing the victim to engage in sexually-explicit conduct. And that it was a significant or motivating purpose and was not merely incidental to the sexually-explicit conduct.

J.A. 646.

We conclude that, in light of the record as a whole, this instruction adequately informed the jury of the controlling legal principles. *See, e.g.*, *United States v. Palomino-Coronado*, 805 F.3d 127, 130-31 (4th Cir. 2015); *United States v. Lebowitz*, 676 F.3d 1000, 1014-15 (11th Cir. 2012). Moreover, even if we were to assume error, such error would have been harmless given the overwhelming evidence that producing videos was one of Thompson's purposes – and not merely an incidental one – when he engaged in the sexually explicit conduct.

Thompson also argues that the district court erred in refusing to give his "theory of defense" jury instruction, which would have informed the jury that, "where there are two or more purposes to engage in such conduct, the Government must prove that Defendant's prevailing or most influential purpose was to produce a visual depiction of the sexually explicit conduct." We review for abuse of discretion a trial court's decision not to give a proposed instruction. *United States v. Raza*, 876 F.3d 604, 614 (4th Cir. 2017). Declining to give a proposed instruction "is reversible error only if [the instruction] (1) was correct,

3

(2) was not substantially covered by the charge that the district court actually gave to the jury, and (3) involved some point so important that the failure to give the instruction seriously impaired the defendant's defense." *Id.* (internal quotation marks omitted). Here, Thompson's proposed instruction did not correctly state the law, *see, e.g.*, *Palomino-Coronado*, 805 F.3d at 130-31, and the district court thus did not abuse its discretion in rejecting it.

Turning to the denial of the motion to suppress, we review the district court's legal conclusions de novo and factual findings for clear error. *United States v. Seerden*, 916 F.3d 360, 365 (4th Cir. 2019). "In doing so, we must construe the evidence in the light most favorable to the prevailing party and give due weight to inferences drawn from those facts by resident judges and law enforcement officers." *United States v. Lull*, 824 F.3d 109, 114-15 (4th Cir. 2016) (internal quotation marks omitted).

A search warrant may only be issued upon a showing of probable cause, *United States v. Lyles*, 910 F.3d 787, 791 (4th Cir. 2018), and evidence obtained from an invalid warrant typically cannot be used in a criminal proceeding against the victim of the illegal search, *United States v. Thomas*, 908 F.3d 68, 72 (4th Cir.), *cert. denied*, 140 S. Ct. 49 (2019). One exception to this general rule is that evidence obtained by an officer acting in objective good faith reliance on a search warrant will not be suppressed even if the warrant is later deemed invalid. *United States v. Leon*, 468 U.S. 897, 922 (1984). However, the good faith exception does not apply where the warrant was issued based on a deliberately or recklessly false affidavit. *Seerden*, 916 F.3d at 366.

4

In the instant case, the district court proceeded directly to the good faith analysis and found that the officers acted in good faith reliance on the signed warrant. *See Leon*, 468 U.S. at 925 (permitting courts to start with good faith analysis). The court subsequently held a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978), and, after hearing testimony from the warrant's affiant, concluded that no material information in the affidavit was deliberately or recklessly false. The court therefore refused to revisit its previous good faith determination. On appeal, Thompson argues that the district court should have found a *Franks* violation because the affiant displayed a reckless disregard for the truth, and that the district court thus erred in finding that the officers executed the search warrant in good faith.

To establish a *Franks* violation, the defendant must prove by a preponderance of the evidence that (1) "a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit," and (2) "with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause." *Lull*, 824 F.3d at 114 (internal quotation marks omitted). "[A]n allegedly false statement in a probable-cause affidavit amounts to reckless disregard if the drafter made the statement with a high degree of awareness of its probable falsity." *Nero v. Mosby*, 890 F.3d 106, 128 (4th Cir.) (brackets and internal quotation marks omitted), *cert. denied*, 139 S. Ct. 490 (2018). Here, the district court did not err in finding that Thompson failed to meet this burden. To the extent that one statement in the affidavit misrepresented the source of the affiant's information, as Thompson argues on appeal, there is no evidence that this was done intentionally or with a "high degree of awareness

5

of its probable falsity." *See id.* Accordingly, the district court did not err in failing to find a *Franks* violation or in concluding that the officers executed the search warrant in good faith.

We therefore affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*